IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| MIKE A. WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10CV721–HEH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff's Objections to United States Magistrate Judge's Report and Recommendation (Dk. No. 11), filed on January 9, 2012. The Report and Recommendation of the Magistrate Judge ("R&R") affirmed the Social Security Administration ("SSA")'s denial of Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income payments.  The Defendant Commissioner of the SSA based his denial of benefits on an Administrative Law Judge ("ALJ")'s determination that Plaintiff was not disabled under the Social Security Act where, based on his age, education, work experience, and residual functional capacity ("RFC"), jobs exist in significant numbers in the national economy that Plaintiff could perform.  For the reasons stated below, Plaintiff's objections are OVERRULED.  This Court hereby ADOPTS Judge Dohnal's R&R DENYING Plaintiff's motion for summary

judgment and remand, GRANTING Defendant's motion for summary judgment, and AFFIRMING the Commissioner's decision.

## I. BACKGROUND

In determining a claimant's eligibility for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), an ALJ conducts a five-step sequential evaluation of a claimant's work and medical history to assess whether a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520. The ALJ considers whether an applicant (1) is performing substantial gainful activity ("SGA"); (2) has a severe impairment; (3) has an impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) is capable of performing his or her past relevant work; and (5) is capable of adjusting to other work. 20 C.F.R. §§ 416.920(a)(4), 404.1520(a)(4).

If, at any step of the evaluation, the ALJ determines the applicant is or is not disabled, the inquiry ends and the ALJ will not proceed to the next step. *Id.* The claimant bears the burden on steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). If, however, the analysis reaches step five, the burden shifts to the Commissioner to show that, considering the claimant's age, education, work experience, and RFC, the claimant is capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f); *Bowen*, 482 U.S. at 146 n.5.

2

In this case, the ALJ found at step one that Plaintiff had not engaged in SGA since the onset of his alleged disability. (R. at 12.) The ALJ then found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine and post-traumatic degenerative changes in the right ankle, but that these impairments did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, as required for the award of benefits at that stage. (R. at 12-13.) The ALJ next determined that Plaintiff had the RFC to perform a full range of sedentary work. (R. at 13-16.) However, according to the ALJ, Plaintiff could not perform his past relevant work as a self-employed carpenter because the work required medium to heavy exertion. (R. at 16.)

Nevertheless, the ALJ found at step 5 that considering Plaintiff's age, education, work experience, and RFC, other occupations that the Plaintiff could perform exist in the national economy. (R. at 16.) Specifically, the ALJ found that Plaintiff was "not disabled" pursuant to Medical-Vocational Rule 201.28, was employable, and therefore was not entitled to benefits. (R. at 17.)

Plaintiff sought judicial review of the ALJ's decision, arguing that the ALJ (1) failed to properly evaluate Plaintiff's credibility; and (2) improperly discounted the opinions of Plaintiff's treating physicians when he determined Plaintiff's RFC. (R&R at 13.) The Magistrate Judge concluded that the ALJ's determination was supported by substantial evidence. (R&R at 21.) Accordingly, he recommended that Plaintiff's motion for summary judgment and remand be denied, Defendant's motion for summary judgment be granted, and the final decision of the Commissioner be affirmed. *Id.*

Plaintiff now objects to the R&R.

## II. STANDARD OF REVIEW

When reviewing a denial of benefits by the Commissioner pursuant to 42 U.S.C. §

405(g), the Court must accept the Commissioner's findings of fact if they are supported

by substantial evidence and were reached by applying the correct legal standard. *Hines v.*

*Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). A finding is supported by substantial

evidence if it is based on "relevant evidence [that] a reasonable mind might accept as

adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir.

2005). In other words, substantial evidence requires more than a scintilla, but less than a

preponderance of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

In determining whether substantial evidence exists, the Court must consider the

record as a whole. *Wilkins v. Sec'y Dep't of Health & Human Servs.*, 953 F.2d 93, 96

(4th Cir. 1991), *superseded on other grounds*, 20 C.F.R. § 404.1527. The Court may not,

however, weigh conflicting evidence, evaluate the credibility of evidence or substitute its

judgment for the Commissioner's findings. *Mastro*, 270 F.3d at 176. In short, if

"conflicting evidence allows reasonable minds to differ as to whether a claimant is

disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at

653.

## III. ANALYSIS

Plaintiff objects to the R&R on two separate grounds: (1) the ALJ improperly rejected the opinions of the treating physicians; and (2) the ALJ failed to properly evaluate Plaintiff's credibility. These issues are addressed in turn below.

### A. The ALJ Adequately Considered the Opinions of the Treating Physicians

Plaintiff first argues that the Magistrate engaged in "post-hoc rationalizations" to sustain the ALJ's assessment of the treating physicians' opinions. According to Plaintiff, the ALJ's analysis was confined to a single sentence stating that "[n]either the objective findings nor the claimant's admitted daily activities" support the findings of the treating physicians. (Pl.'s Objections 2 (citing R. at 15.)) Furthermore, according to Plaintiff, the "ALJ's decision failed to cite any of the specific evidence that the Magistrate Judge relied on as inconsistent with the treating physician's opinions." *Id.*

Plaintiff's argument, however, misinterprets both the Magistrate's rationale, as well as the standard for judicial review. The Magistrate Judge is required to consider whether the ALJ's decision is supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "In reviewing for substantial evidence, [the court does] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.* at 589. Where the Magistrate Judge mentions in his report additional evidence in the record supporting the ALJ's opinion, the Magistrate is not guilty of applying the post-hoc rationale, as contemplated by the Supreme Court in *SEC v. Chenery Corp.*, 318 U.S. 80, 94, 63 S.Ct. 454 (1943). Rather,

5

the Magistrate Judge is simply noting that the substantial evidence relied upon by the ALJ is not inconsistent with other evidence in the record.

In this case, the R&R did not purport to engage in "post-hoc rationalization" or provide alternative grounds to the ones provided by the ALJ for the findings as to the appropriate weight to afford the testimony of his treating physicians. Instead, the Magistrate explained the applicable legal standards in detail, reviewed the record, and determined that there was, in fact, substantial evidence therein to support the ALJ's findings. (See R&R at 17-21.) That is precisely the task prescribed by 42 U.S.C. § 405(g). Accordingly, Plaintiff's objection is without merit.

Moreover, Plaintiff's contention that the Magistrate erred in finding substantial evidence supported the ALJ's RFC finding is equally without merit. Despite, Plaintiff's arguments to the contrary the ALJ did not "conjure" Plaintiff's RFC out of thin air. (Pl.'s Objections 4.) As correctly observed by the Magistrate

> the ALJ gave some weight to the treating physician opinions, significant weight to the state agency physician opinions, but no controlling weight to any offered opinions. Instead, relying on substantial evidence available in the record, including Plaintiff's testimony as well as the medical records, the ALJ concluded that Plaintiff possessed an RFC permitting him to engage in sedentary work.[1]

---

[1] Plaintiff claims that the Magistrate's "finding that the ALJ did not rely upon the non-examining opinions is flatly contradicted by the ALJ's own statement that they were accorded 'significant weight'." However, as noted above, the ALJ gave no controlling weight to any offered opinions, instead relying on substantial evidence in the record. Furthermore, despite the fact that two of the non-examining physicians based part of their opinions upon medical evidence that referred to another person who was a veteran of the armed forces and a 'frequent runner' (Pl.'s Objections 4), the Magistrate correctly concluded that the records had no bearing on the ALJ's ultimate decision. Therefore, their inclusion in the record, and any reliance on them by the non-

(R&R at 18.)

While the applicable regulations dictate that the opinions of treating physicians are generally entitled to more weight than those of non-treating physicians, the regulations do not require the ALJ to accept such opinions in every situation. *See* 20 C.F.R. § 404.1527. For instance, the ALJ is not required to accept the opinions of a treating physician when the physician opines on an issue reserved for the Commissioner, *see* 20 C.F.R. § 404.1527(e), or when that opinion is not well-supported or is inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(2), (d)(3), (d)(4); 416.927(d)(2), (d)(3), (d)(4); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

When evaluating a treating physician's opinion, the ALJ must consider: 1) the length of the relationship between the patient and treating physician and frequency of examination; 2) the nature and extent of the treatment relationship; 3) support from the medical record; 4) consistency between the physician's opinion and the record; 5) specialization of the treating physician; and 6) any other relevant factors. 20 C.F.R. §§ 404.1527(d)(2)-(6). The regulations, however, clarify that the RFC is an administrative determination rather than a medical opinion, thus vesting the ALJ with the authority of deciding whether a claimant is disabled as defined by statute. 20 C.F.R. § 404.1527(e).

In the present case, the ALJ accepted the treating physicians' opinions for the most part, differing only in the conclusions with regard to Plaintiff's postural limitations and attention and concentration deficits. Notwithstanding the ALJ's failure to explicitly

---

examining physicians constitutes harmless error. (R&R 6, n.5) (citing *Shinseki v. Sanders*, 556 U.S. ___, 129 S. Ct. 1696, 1706 (2009)).

7

address the factors by citations, the Magistrate concluded that the ALJ applied the third and fourth factors listed in 20 C.F.R. §§ 404.1527(d)(2)-(6) to reach its conclusion. The Magistrate also noted the inconsistencies between the medical records and treating physicians' opinions. In particular the Magistrate pointed to the ability of Plaintiff to relieve his pain by sitting erect and taking over-the-counter medicine and steroid injections. (R&R at 20.)

While Plaintiff challenges the accuracy of these two statements compared to the actual record, (Pl.'s Objections 2), he does not dispute the fact that "neither treating physician acknowledged that the Plaintiff worked for nearly fifteen (15) years before he allegedly became incapable of employment with the same headaches and neck pains that resulted from his 1986 car accident." (R&R at 20.) As concluded by the Magistrate, "these well-documented facts alone constitute substantial evidence supporting the ALJ's decision to give some, but not controlling, weight to the treating physician opinions." *Id.* Indeed, standing alone, the fact that Plaintiff worked for fifteen years before allegedly becoming incapable of employment provides adequate support for the conclusions of the ALJ. Similarly, on the issue of the concentration and attention, the Magistrate correctly concluded that the opinion of the state agency mental health expert, combined with Plaintiff's own disability questionnaire responses, provided substantial evidence for the ALJ's RFC assessment. (R&R at 21.)

B. *The ALJ's Credibility Analysis was Supported by Substantial Evidence*

Additionally, Plaintiff argues that the ALJ failed to apply the correct regulatory standard in making its credibility analysis. Specifically, Plaintiff argues that the ALJ and the Magistrate erred by evaluating the consistency of Plaintiff's statements against the ALJ's own RFC assessment, rather than against the evidence in the record. Again Plaintiff misconstrues both the R&R and the ALJ's decision. In fact, neither party discounted Plaintiff's credibility based on the inconsistency of his statements with the RFC. Rather, the Magistrate concluded that the ALJ correctly applied the two-part regulatory inquiry to evaluate Plaintiff's credibility. (R&R at 15.)

In evaluating the credibility of a plaintiff's subjective symptoms, the ALJ must first determine whether there is an underlying medically determinable physical or mental impairment or impairments that reasonably could produce the individual's pain or other related symptoms. *See Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 416.929(b). After a claimant has met his threshold obligation of showing by objective medical evidence that a medical impairment could be expected to cause the pain claimed, then the ALJ must perform the second part of the analysis. Specifically, the ALJ must evaluate the intensity and persistence of the plaintiff's pain, and the extent to which it affects his ability to work. *Id.* at 595. Under the regulations, this evaluation must take into account "all the available evidence," which includes a credibility finding regarding the claimant's statements as to the extent of his symptoms. *Id.*

9

The Fourth Circuit has long held that reviewing courts owe deference to the ALJ's factual findings, assessing them only to determine whether they are supported by substantial evidence. Specifically, in cases where factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent "exceptional circumstances." *See N.L.R.B. v. Air Prods. & Chems., Inc.*, 717 F.2d 141, 145 (4th Cir. 1983). Exceptional circumstances are limited to cases where "a credibility determination is unreasonable, contradicts other findings of fact, or is 'based on an inadequate reason or no reason at all.'" *N.L.R.B. v. McCullough Envtl. Serv., Inc.*, 5 F.3d 923, 928 (5th Cir. 1993) (internal citation omitted). Only in these situations may a reviewing court "review the record and independently reach [its] own conclusions." *Id.* Otherwise, careful fact-finding, such as that undertaken by the ALJ, is entitled to deference.

While Plaintiff argues that the "ALJ reversed the appropriate legal standard in making his creditability analysis," his conclusion does not comport with the Magistrate's conclusions or the record. (Pl.'s Objections 5.) The ALJ did not evaluate Plaintiff's statements against the RFC assessment. Rather, as the Magistrate observed, after evaluating the medical record, the ALJ concluded that the Plaintiff's statements were "not credible to the extent they are inconsistent with the above residual functional capacity assessment." (R&R at 15 (citing R. at 14).) Specifically, the ALJ "emphasized the fact that the Plaintiff's chronic headaches and neck pains had persisted since 1986—approximately sixteen years before Plaintiff stopped working." *Id.* Considering the record evidence of Plaintiff's past work, this Court finds the ALJ's decision supported by

substantial evidence, and therefore, entitled to deference. Plaintiff's objection is overruled

## IV. CONCLUSION

For the reasons stated above, this Court finds that the ALJ applied the correct legal standards and came to a conclusion supported by substantial evidence. Accordingly, Plaintiff's objections are OVERRULED and this Court hereby ADOPTS the R&R. Plaintiff's motion for summary judgment is DENIED, Defendant's motion for summary judgment is GRANTED, and the Commissioner's final decision denying benefits to Plaintiff is AFFIRMED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 21, 2012
Richmond, VA

11